IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SAMUEL JOHNSON, III,<br>Individually and as Natural Tutor for<br>S.J. IV and D.J. | * | CIVIL ACTION NO. 09-1257 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| CHIEF MILES JENKINS, Individually<br>and as Chief of Police for the TOWN OF<br>WATERPROOF, et al. | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is an opposed motion to dismiss filed by the Town of Waterproof; Bobby Higginbotham, in his capacity as the former mayor (hereinafter "Higginbotham" or "defendant Higginbotham"); and Miles Jenkins, in his capacity as the former chief of police (hereinafter "Jenkins" or "defendant Jenkins"). Doc. # 21. For reasons stated below, it is recommended that the motion be **DENIED** as to the Town of Waterproof and **GRANTED** as to Higginbotham and Jenkins in their official capacities.

BACKGROUND

On July 29, 2009, plaintiff Samuel Johnson, III (hereinafter "Johnson" or "plaintiff Johnson"), individually and as natural tutor for S.J., IV and D.J., filed a complaint alleging claims arising under 42 U.S.C. § 1983 against the Town of Waterproof, in Tensas Parish, Louisiana, Higginbotham, and Jenkins.[1]

---

[1] Plaintiffs also assert claims against former mayor Higginbotham and former police chief Jenkins in their individual capacity, and pray for punitive damages. *See* Compl. [doc. # 1], Prayer for Relief, at C. The individual capacity claims are not the subject of this motion.

Plaintiffs' claim against defendants stem from two incidents in Waterproof. The first incident occurred on July 29, 2008, when plaintiff Johnson was informed by defendant Jenkins that the Tensas Parish Sheriff's Office had an arrest warrant for Johnson. (Compl. at ¶ 7.) When Johnson was informed by Sheriff's deputies that there was in fact no warrant for his arrest, defendant Jenkins "began yelling profanities at Mr. Johnson and refused to allow him to leave the Tensas Parish Sheriff's Office by blocking his egress from the facility." (*Id.* at ¶ 11.) Despite defendant Jenkins' attempts, plaintiff Johnson refused to sign an arrest report; he left shortly after "with the assistance of the Tensas Parish Sheriff's Office deputies." (*Id.* at ¶¶ 12-13.)

The second incident that forms the basis of plaintiffs' claims occurred on August 4, 2008, when plaintiff Johnson, traveling in his car with his children, was pulled over by defendant Jenkins. (*Id.* at ¶ 14.) Upon exiting his vehicle, Johnson was again informed by defendant Jenkins that he (Johnson) was under arrest. (*Id.* at ¶¶ 18-19.) Defendant Jenkins then pulled his weapon and pulled plaintiff Johnson away from Johnson's vehicle, yelling, cursing, and pointing his weapon in view of the minor children plaintiffs. (*Id.* at ¶ 19.) Defendant Jenkins continued yelling, cursing, and pointing his "night stick" in the direction of Johnson after the arrival of Tensas Parish Sheriff's deputies and defendant Higginbotham, then the mayor of Waterproof. (*Id.* at ¶ 21, 24.) During the course of this incident, the minor plaintiffs were "crying hysterically;" at one point, the younger child "urinated on herself out of fear." (*Id.* at ¶ 29.) At the end of this incident, plaintiff Johnson was released by the Sheriff's deputies; plaintiff Johnson was never arrested, charged with a crime, handcuffed, or read his *Miranda* rights. (*Id.* at ¶ 30.)

Plaintiffs' complaint alleges that all defendants had a "pattern, practice, custom and

2

procedure of subjecting citizens...to unreasonable force, false arrest and malicious prosecution in the absence of probable cause." (*Id.* at ¶ 33.) Plaintiffs cite numerous incidents in support of their claim. *See id.* at ¶¶ 33-34. Plaintiffs also cite multiple occasions of defendant Higginbotham encouraging, ratifying and adopting the illegal actions of defendant Jenkins. *See id.* at ¶¶ 36-37. Finally, plaintiffs allege that the Town of Waterproof failed to properly train its police officers "on the constitutional protections against unlawful detention, unreasonable force and malicious prosecution." (*Id.* at ¶ 40.)

Defendants' motion, filed July 30, 2010, seeks to dismiss this action on the dual basis that the Town of Waterproof cannot be held liable for the alleged tortious acts of its officials or employees, and that plaintiffs' complaint does not state a claim upon which relief can be granted.

## LAW AND ANALYSIS

### I. Failure to State a Claim: 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) permits dismissal where the claimant fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. (12)(b)(6). To survive a motion to dismiss, a complaint "must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). However, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Finally, when a plaintiff

3

pleads factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.*

**II. Plaintiff's Claim Under 42 U.S.C. § 1983**

As discussed above, plaintiffs filed the instant action under 42 U.S.C. § 1983, stating that defendants' actions deprived plaintiffs of their constitutional rights. (Compl. [doc. #1], ¶ 6); *See, San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991) (§ 1983 provides a remedy for the deprivation of civil rights). Section 1983 states that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983. However, Section 1983 does not create any substantive rights; it merely provides a remedy for the rights designated therein. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). "Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983." *Id.*; *see also West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988).

Thus, the twin components of a cause of action under Section 1983 include 1) a violation of rights secured by the Constitution or laws of the United States and (2) that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Independent School Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted).

a) <u>Violation of Plaintiffs' Constitutional Rights</u>

Although the complaint alludes to the deprivation of plaintiff Johnson's constitutional rights, and those of his children, the complaint does not specifically mention what rights were

violated, *i.e.*, what amendment(s) plaintiffs use to assert their Section 1983 claim.[2] However, the nature of the allegations would reasonably lead one to believe that plaintiffs base their Section 1983 claim upon alleged violations of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.[3] *See* Background, *supra*.

      b)    <u>Defendants' Actions Under "Color of State Law"</u>

"To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Here, plaintiffs allege that these violations were committed by defendants acting under state law. Specifically, plaintiffs allege that both defendants Higginbotham and Jenkins, "at all times relevant hereto, [were] acting under state law." (Compl. [doc. # 1], ¶¶ 4-5.) Plaintiffs

---

    [2] Allegations in the Complaint regarding constitutional violations include: "[a]t all relevant times, all Defendants were acting in concert and conspiracy and their actions deprived Plaintiffs of their constitutional and statutory rights" (Compl. [doc. # 1], ¶ 6); "...the Mayor has shown deliberate indifference to the constitutional rights of the residents of the Town of Waterproof" (*Id.* at ¶ 39); "...the Town of Waterproof knew or should have known that it was substantially likely that constitutional violations would occur" (*Id.* at ¶ 40); "Defendants engaged in aforesaid conduct for the purpose of violating [plaintiff Johnson and the minor children plaintiff]'s constitutional rights by subjecting them to unlawful arrest and malicious prosecution" (*Id.* at ¶¶ 44-45).

    [3] The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." UNITED STATES CONSTITUTION. The Fourteenth Amendment declares that no State shall "deprive any person of life, liberty, or property, without due process of law." *Id.*

5

allege claims against the Town of Waterproof, as well as defendants Higginbotham and Jenkins, acting in their official capacities as former mayor and former police chief, respectively. (*Id.*) The claims against defendants Higginbotham and Jenkins are duplicative of the claims against the Town of Waterproof. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore the claims against defendants Higginbotham and Jenkins, in their official capacity, must be dismissed.[4]

### III. Defendants' Motion to Dismiss

At the outset, defendants claim that the Town of Waterproof cannot be held liable for the alleged tortious acts of its officials or employees. *See* Motion to Dismiss [doc. # 21]. Defendants correctly note that Section 1983, as contemplated by Congress, does not permit municipalities to be held liable "solely because it employs a tortfeasor;" a municipality such as Waterproof, therefore, is not liable under Section 1983 under a theory of respondeat superior. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-91.

However, as noted by the *Monell* court, a municipality can be liable under Section 1983 when a particular policy or custom promulgated by the entity is responsible for the claimed injury. *Id.* at 694. In the case *sub judice*, plaintiffs do not assert that the Town of Waterproof is liable for the actions of defendants Higginbotham and Jenkins under a respondeat superior theory. Rather, Plaintiffs represent that the Town of Waterproof is liable because defendants Higginbotham and Jenkins acted pursuant to Waterproof's "pattern, practice, custom and procedure of subjecting citizens...to unreasonable force, false arrest and malicious prosecution in

the absence of probable cause." (Compl. [doc. # 1], ¶ 33.) Plaintiffs also assert that defendant Higginbotham, in his capacity as Mayor, "encouraged, ratified and adopted the illegal action of defendant Jenkins." (*Id.* at ¶¶ 35-36.) Finally, plaintiffs allege that the "Town of Waterproof...failed to train its police officers and its chief on the constitutional protections against unlawful detention, unreasonable force and malicious prosecution" (*Id.* at ¶ 40.).

      a)      <u>Official Policy Allegations</u>

Defendants argue that "[t]here is no allegation in the complaint that the former Mayor of the Town of Waterproof ever gave the Chief of Police a directive to commit any of the alleged acts." (Mot. Dismiss [doc. # 21] at 2.) However, under Section 1983, it is not necessary that the local government or its executive formally direct or adopt the actions of its representatives. *Monell*, 436 U.S. at 690-91. While it is true that official policy "usually exists in the form of written policy statements, ordinances, or regulations...it may also arise in the form of a widespread practice that is 'so common and well-settled as to constitute a custom that fairly represents municipal policy.'" *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)). Therefore, a plaintiff may sue for constitutional deprivations resulting from governmental custom, "even though such a custom has not received formal approval through the body's official decision-making channels." *Monell*, 436 U.S. at 691.

Here, plaintiffs allege that defendants' improper use of force and unlawful arrest was the "direct result of Defendants' pattern, practice, custom and procedure of subjecting citizens such as Mr. Johnson to unreasonable force, false arrest, and malicious prosecution in the absence of probable cause." (Compl. [doc. # 1], ¶ 33.) Plaintiffs put forth specific facts evidencing this

alleged pattern, practice, custom and procedure.  *See id.* at ¶ ¶ 34-37.  Therefore, it is sufficient that the complaint alleges that the Mayor "encouraged, ratified and adopted the illegal actions of defendant Jenkins."  (Compl. at ¶ 36.)

        b)       <u>Failure to Train Allegations</u>

An allegation that a police force failed to properly train its officers can amount to policy, if such failure evidences a deliberate indifference to the constitutional rights of the municipality's inhabitants.  *Sanders-Burns v. City Of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 840 (1994)).  A "deliberate indifference" allegation is difficult to prove based on a single incident.  *Gabriel v. City of Plano*, 202 F.3d 741, 745 (5th Cir. 2000).  Such claims require that plaintiff "demonstrate a pattern...fairly similar to what ultimately transpired." *Davis v. City of N. Richland Hills*, 406 F.3d 375, 838 n. 34 (5th Cir. 2005).

The complaint at issue alleges, *inter alia*, that the "Town of Waterproof has failed to train its police officers and its chief on the constitutional protections against unlawful detention." (Compl., ¶ 40.)  Defendant Higginbotham's alleged ratification and adoption of the "unlawful actions" of defendant Jenkins evidences his "deliberate indifference to the constitutional rights of the residents of the Town of Waterproof."  (*Id.* at ¶ 39.)  Plaintiffs do not allege that the incidents described *supra* were isolated; rather, plaintiffs recites numerous facts in support of their allegation that the incidents were part of defendants' pattern, practice, custom and procedure. *See id.* at ¶¶ 34, 37.  The complaint, construed in a light most favorable to plaintiffs, alleges facts and elements with enough specificity to withstand defendant Town of Waterproof's motion. *United States v. Gaubert*, 499 U.S. 315, 327 (1991); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir 1994).

## CONCLUSION

For the above assigned reasons,

**IT IS RECOMMENDED** that defendants' motion to dismiss (Doc. #21) be **GRANTED** as to Bobby Higginbotham and Miles Jenkins in their official capacities, and **DENIED** as to the Town of Waterproof.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 3rd day of September, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE